Citation Nr: 1607929 
Decision Date: 02/29/16 Archive Date: 03/04/16

DOCKET NO. 10-15 151 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Diego, California


THE ISSUE

Entitlement to an initial rating greater than 10 percent for ocular hypertension, hypertensive retinopathy with right eye glaucomatous optic neuropathy.


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

C. J. Houbeck, Counsel


INTRODUCTION

The Veteran had active service from January 1972 to March 1993.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from March 2009 and February 2012 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in San Diego, California.

The Veteran had a hearing before the undersigned Veterans Law Judge in October 2014. A transcript of that proceeding has been associated with the electronic claims file.

In December 2014, the Board remanded the above issue for the issuance of a Statement of the Case (SOC). The Veteran subsequently submitted a timely substantive appeal for the increased rating claim and the issue was returned to the Board. The Board again remanded the claim in October 2015. In that decision, the Board also granted entitlement to service connection for ocular hypertension. In an October 2015 rating decision the Appeals Management Center (AMC) effectuated the Board's grant and combined the ocular hypertension disability with the 10 percent rating assigned for the Veteran's hypertensive retinopathy with right eye glaucomatous optic neuropathy. As such, the issue has been listed as above.

This appeal was processed using the Veteran's Benefits Management System (VBMS) and Virtual VA paperless claims processing systems. Accordingly, any future consideration of the Veteran's case should take into consideration the existence of these electronic records.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In response to a November 2015 supplemental statement of the case (SSOC), in a December 2015 SSOC notice response, the Veteran indicated that he had more information to submit in support of his appeal. Specifically, he stated that he had been referred by VA to an outside clinic and had several appointments pending at that time. Records from the above appointments have not been associated with the claims file. It is uncertain whether the Veteran believed that VA would have received those records and the documents associated with the claims file, as he indicated that VA had referred him to the outside clinic, or that he was otherwise unable to submit the records. 

In light of the Veteran's clear intent that the records from his appointments with an outside clinic be associated with the claims file, the Board concludes that another remand is necessary to afford the Veteran the opportunity to provide VA with authorization to obtain the records from the private clinic or to submit the records to VA directly.

Accordingly, the case is REMANDED for the following action:

1. Associate all VA treatment records from February 2015 to the present.

2. Send the Veteran a letter requesting that he complete and return an Authorization and Consent to Release Information form (VA Form 21-4142) for any additional private treatment records, including the treatment records for the clinic referenced in the Veteran's December 2015 SSOC notice response. The notice letter should also indicate to the Veteran that, in the alternative, he is free to submit the outpatient clinic records directly to VA.

All records obtained pursuant to this request must be associated with the electronic claims file. If these records cannot be obtained, the claims file should be clearly documented to that effect.

3. After the above is complete and undertaking any additional development deemed necessary based on the information received, readjudicate the Veteran's claim. If a complete grant of the benefits requested is not allowed, issue a supplemental statement of the case (SSOC) to the Veteran and he should be given an opportunity to respond before the case is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
S. S. TOTH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).